Common Pleas Court of Franklin County.

STIMMEL V. BECK ET AL.

Decided October 25, 1929.

*Conn & Benoy,* for plaintiff.
*Stevenson & Stevenson,* for defendant.

KING, J.

Plaintiff brings action for damages on account of the alleged negligence committed by defendants. The petition sets forth steps taken by the defendant in an attempt to form a corporation for profit under the general corporation act of Ohio.

It is alleged that on the 28th day of July, 1927, the defendants filed with the Secretary of State articles of incorporation, and among other things certified that the purpose of the corporation was to carry on the business of warehousing, storage and transferring; that its capital stock would be divided into 250 shares of $100 each, and that said corporation would begin business with a paid in capital of $1,400. The articles of incorporation were duly recorded by the Secretary of State.

The plaintiff further alleges that the incorporators associated with them the defendant F. D. Woolary, who became the manager of the business proposed to be conducted by said corporation, and that said persons thereupon opened a place of business at 228 West Broad street in the city of Columbus, in a building consisting of three stories,

in which building said defendants began to and were conducting a general warehousing and storage business.

Plaintiff further alleges that the incorporators failed and neglected before the occurrence complained of in the petition to order books to be opened for subscriptions to the shares of the corporation; that there were no shares of said corporation, no first meeting of shareholders was held, no regulations were adopted, no board of directors elected; said capital of $1,400 referred to in said articles of incorporation was not paid in; no stock in said corporation was issued, plaintiff alleging that at the time of the occurrence that the defendants were partners in the transaction of the business aforesaid; that on the first day of February, 1929, the date of the occurrence complained of, the defendants were in possession and control of the premises and conducting the business aforesaid. It was on the above date, namely, the first day of February, 1929, that the alleged negligence occurred resulting in injury to the plaintiff.

To the petition the defendants filed a demurrer claiming that the petition does not state facts sufficient to constitute a cause of action.

It is the contention of the defendant that the action for alleged negligence should be brought against the corporation and not the individual incorporators; that at the time of the occurrence the "Columbus Warehouse Company, Inc." was a corporation, and this by virtue of the provisions of G. C. 8623-4 and 8623-7.

8623-4 provides as follows:

"Any number of natural persons, not less than three, a majority of whom are citizens of the United States, may become a corporation by subscribing, acknowledging and filing in the office of the secretary of state, articles of incorporation setting forth   *   *   *."

Section 8623-7, G. C., provides as follows:

"Upon the filing of the articles, the incorporators and their associates, successors and assigns by the name stated herein shall from the date of such filing be and constitute a body corporate with perpetual succession."

Defendants claim that by virtue of the above provisions upon the filing of the articles of incorporation, corporate existence began and consequently liability, if any, would attach to the corporation and not to the individual.

Plaintiff contends that the individuals are liable because of the fact that the statutory provisions for the complete formation of a corporation had not been complied with; no stock had been subscribed; there was no stockholders; no board of directors had been elected, consequently no one had authority or power to represent the corporation and those who assumed the power and authority would be liable as their acts could not be the acts of the corporation.

The question that presents itself at the very outset, is this: Does the mere existence of a legal entity, the mere fact of corporate existence upon the filing of articles of incorporation as is provided by Section 8623-7 absolve from liability those who proceed to act for and transact business for the incompleted corporation. In our opinion it does not.

Under this statute (8623-7) the incorporators are authorized to act in the corporate name in doing all acts which are necessary to obtain subscription for shares and to perfect the company's organization, but generally speaking, that is the extent of the incorporators' authority with reference to the corporation upon the mere filing of the articles of incorporation. The shareholders and not the signers of the certificate of corporation constitute in reality the corporation to be formed under the statute. The signers of the certificate have no authority to carry on business in the corporate name. They have no interest in the corporate estate and no rights in its management. The sole function is to bring into existence the corporation consisting of the real body of shareholders; the fact that the statute expressly declares that the signers of the certificate and their successors shall be a body corporate in this particular question makes no difference. The statute does not intend that they shall be a corporation except in name. Mere names do not alter facts and as said by an eminent author, Morawetz, at paragraph 33:

"No amount of legislation can make a reality out of a fiction."

Judge Johnson in *Cemetery Association* v. *Traction Co.*, 93 Ohio State, page 169 said:

"That a corporation is a legal entity, apart from the natural persons who compose it, is a mere fiction introduced for convenience in the transaction of its business and those who do business with it."

While a corporation is an entity, it can act only through natural persons as its agent. No business can be transacted, no valid act can be done until the board of directors is elected. Section 8623-55 provides:

"All the capacity of a corporation shall be vested in and all its power and authority, except as otherwise provided in this act or in the articles in regard to the action required to be taken, authorized or approved by shareholders shall be exercised by a board of directors of not less than three persons which shall manage and conduct the business of the corporation."

It is apparent, therefore, that the corporation as a legal entity is a lifeless thing, until the board of directors are elected whose business it is to act for and on behalf of the corporation to manage and conduct its affairs, and there is no other way in which a corporation can function. A person or group of persons, other than the duly elected board of directors, purporting to act for and on behalf of the corporation does so without authority or protection of the corporation entity, and consequently act as an individual or individuals. Their acts cannot bind the corporation. They alone are responsible. This was held in *Trust Company* v. *Floyd*, 47 Ohio State, 525:

"The corporate powers, business and property of a corporation formed for profit must be exercised, conducted and controlled by a board of directors who cannot be chosen until 10 per cent. of the capital stock specified in the articles of incorporation has been subscribed. Persons contracting as directors, when less than that amount of stock has been subscribed, are without authority to create any corporate obligation and become personally liable,

though they believe in good faith that they are contracting in behalf of the legally constituted corporation and that they have authority to bind it by contract."

It is to be observed, in this decision, that persons. contracting as directors when the mandatory provisions of the statute with reference to the capital stock had not been complied with, are without authority to create any corporate obligation and therefore become personally liable. Much greater reason would the individual liability attach for persons who purport to be acting for the corporation when neither the capital stock had been subscribed nor the board of directors elected.

In *Crouch* v. *Gray*, 29 S. W., 391, 50 A. L. R., 1023, the rule is clearly stated:

"It is universally held that wherever there has been a failure to bring the corporation fully into existence, authorities differing as to essentials in this respect, those proceeding with the business become individually liable for the debts created upon the general ground recognized in this state and elsewhere that having no principal to bind, parties acting bind themselves."

Continuing, the court says:

"It is well settled that an attempted or pretended incorporation, not perfected as the enabling act requires, does not confer this immunity, and all who are parties to the simulated corporation as associates or shareholders are held liable at common law for the debts contracted under the corporate guise. While the courts have differed in naming those liable—whether in the nature of common partner or resting, 'upon the ordinary principles of contract and agency or upon fraud'—they agree in holding liable in some form all who are engaged in the defective corporate enterprise."

The foregoing reasons are sufficient in our opinion to determine the question upon demurrer. As laid down in the *Trust Company* v. *Floyd, supra,* if no board of directors has been elected no one had authority or power to bind or represent the Columbus Warehouse Company, Inc., and in the language of *Crouch* v. *Gray,* "having no principal to. bind, the parties acting bind themselves."

There is another reason in addition to the reasons heretofore observed, supporting the claim of the plaintiff that the defendants are individually liable. Section 8623-13 provides as follows:

"No corporation shall commence business until the amount of capital stock specified in its articles as the amount of capital with which it will commence business has been paid in."

The petition alleges that the paid in capital stock of $1,400, specified in the articles of incorporation as the amount with which the corporation would begin business, was in fact not paid in as so represented; no stock in said corporation was issued. If these facts are true, the essential conditions were not met, which would be necessary to protect the individuals from liability. As was said in the case of *Zander* v. *Holm*, 159 Minn., page 562, the court in its opinion, at page 563 says:

"The transfer of shares of its stock for stock in the new concern under such circumstances would not amount to a subscription and purchase of stock within the meaning of the statute which provides, in relation to forming such corporations, that—

" 'An association may commence business whenever 20 per cent. of the capital stock has been subscribed and paid in,'
and that,

" 'No shares shall be issued for less than its par value nor until the same has been paid for in cash or its equivalent.'

"Chapter 23, page 22, Laws 1921, paragraph 3:

" 'The statutory requirement as to the amount of stock which must be subscribed and paid for in cash or its equivalent is a material one, and must be complied with before the proposed entity can acquire corporate life sufficient to transact the business. Any attempted evasion of the statute would be fraud upon the law.' "

If the allegations of the plaintiff's petition are true, the corporation existed in name only, with no board of directors to manage or conduct the affairs, no principal to bind. The assumption of power and authority to engage in or transact any business for which the corporation was at-

tempted to be organized, was in positive violation of the statute. If the allegations of the plaintiff's petition are proven to be true, the defendants, as joint tort feasors, and not the corporation have committed the negligent acts complained of in the petition, and as individuals are the proper parties defendant.

For the foregoing reasons, let the demurrer be over-ruled.